996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lacullia Denise LUSBY, Plaintiff-Appellant,
v.
Bruce Hardwood FLOORS; Ricky Triplett, Defendants-Appellees.
 No. 92-6036.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1993.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Lacullia Denise Lusby, a pro se Tennessee resident, appeals a district court judgment dismissing her civil rights action filed under Title VII (42 U.S.C. § 2000e). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Lusby sued Bruce Hardwood Floors and its employee Ricky Triplett, alleging that she was subjected to sexual harassment in a hostile work environment. Subsequently, the district court granted Lusby's motion to dismiss her complaint as to Triplett. The district court also granted Lusby's motion to sever the issues of liability and damages.
 
 
 3
 Following a bench trial on the question of liability, the district court entered judgment on behalf of the company. Lusby filed this timely appeal essentially arguing that the district court's findings of fact are clearly erroneous. She requests oral argument.
 
 
 4
 The factual conclusions rendered by a district court sitting without a jury are reviewed for clear error, and are binding on appeal unless the appellate court is left with a definite and firm conviction that a mistake has been made. Owens-Illinois, Inc. v. Aetna Casualty & Surety Co., Nos. 91-4164/4189, slip op. at 11-12 (6th Cir. April 13, 1993). It is the appellant who must shoulder the burden of proving such a mistake and this burden is not met merely by demonstrating a conflict in the testimony, nor by seeking to redetermine the credibility of witnesses. Id. Moreover, the appellate court must review the facts in the light most favorable to the appellee. Id. The district court's legal conclusions are reviewed de novo. Id.
 
 
 5
 Upon review, we conclude that Lusby has failed to prove by a preponderance of the evidence that Bruce Hardwood Floors knew or should have known that Triplett was subjecting her to sexual harassment. As such, Lusby has not proved a hostile environment action. See Kauffman v. Allied Signal, Inc., Autolite Div., 970 F.2d 178, 183 (6th Cir.), cert. denied, 113 S.Ct. 831 (1992).
 
 
 6
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.